Hilda G. Schwartz, J.
This is a CPLR article 78 proceeding in the nature of prohibition to enjoin respondent from preventing petitioner from operating the steamship Robert Fulton as a floating restaurant.
Petitioner owns a vessel known as the Robert Fulton, which is certified by the United States Coast Guard as a seagoing passenger barge. The vessel is moored at Pier 16 in New York City, pursuant to the terms of a lease with the South Street Seaport Museum, and is expressly permitted by the lessor to be operated as a restaurant. Petitioner has filed plans for structural and other changes in an attempt to establish substantial compliance with the requirements of the Administrative Code of the City of New York. However, the Department of Ports and Terminals has not yet approved the plans submitted, and, therefore, has not issued a certificate of completion permitting the operation of the vessel as a floating restaurant.
Notwithstanding the lack of a certificate of completion, *656 petitioner operated the Robert Fulton as a floating restaurant until December 23, 1976, when respondent issued a summons and violation order to petitioner pursuant to section 491a2-2.0 of the New York City Administrative Code, directing it to vacate the Robert Fulton and to vacate the premises until certain allegedly hazardous conditions have been substantially corrected. The violation order alleges that "conditions in said premises are eminently perilous to life in case of fire therein or adjacent thereto by reason of inadequate and improper exit facilities — unprotected, unenclosed stairs from galley to engine room — no exits from main deck to pier, patrons must go up open stairways to ballroom deck to gangways.”
Petitioner contends that respondent acted in excess of his jurisdiction to enforce local fire safety regulations because regulation of safety on vessels has been pre-empted by the Federal Government. Petitioner further argues that the certificate issued to it by the United States Coast Guard establishes that the vessel "is of a structure suitable for the service in which she is to be employed * * * and is in a condition to warrant the belief that she may be used in navigation with safety to life” (US Code, tit 46, § 395, subd [a]; emphasis added).
The Supreme Court has held that "federal regulation of a field of commerce should not be deemed preemptive of state regulatory power in the absence of persuasive reasons — either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained” (Florida Avocado Growers v Paul, 373 US 132, 142). In the case at bar, such "persuasive reasons” do not appear to point ineluctably to the conclusion of Federal pre-emption.
This proceeding is indistinguishable from Huron Cement Co. v Detroit (362 US 440, 441), wherein the Supreme Court upheld the right of the City of Detroit to enforce its Smoke Abatement Code against vessels inspected and certified by the Federal Government even though "[structural alterations would be required in order to insure compliance with the Code”. The same arguments raised by petitioner in this proceeding were raised by the appellant in Huron Cement and were rejected by the Supreme Court. "The mere possession of a federal license, however, does not immunize a ship from the operation of the normal incidents of local police power, not constituting a direct regulation of commerce” (supra, p 447).
The applicability of the local police power is even more *657 compelling in the instant proceeding than in Huron Cement inasmuch as the Robert Fulton is merely a restaurant which only incidentally happens to float. Its primary purpose is to serve food; not to sail the seas. This particular type of use makes the restaurant a "building” or "structure” within the meaning of section 491a2-2.0 of the New York City Administrative Code.
Respondent has not acted in excess of his jurisdiction. Hence, prohibition will not lie. (CPLR 7803, subd 3; Dondi v Jones, 40 NY2d 8; La Rocca v Lane, 37 NY2d 575.) Judicial review of respondent’s determination is premature. Petitioner has failed to exhaust its administrative remedies (CPLR 7801, subd 1). The New York City Board of Standards and Appeals has jurisdiction over and is competent to hear appeals of orders issued by the respondent Fire Commissioner (Charter of City of New York, § 666, subd 6, par [b]).
Accordingly, the application is denied and the petition is dismissed.